[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10766

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANIEL MUSEAU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20436-KMM-1

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Museau, proceeding with counsel, appeals his 120-month sentence for being a felon in possession of a firearm and ammunition. He argues that the sentence is substantively unreasonable because (1) he accepted responsibility for his crime, and (2) the district court gave insufficient weight to certain 18 U.S.C. § 3553(a) factors.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (*en banc*). A court abuses its discretion if it does not give relevant factors due weight, significantly weighs an irrelevant or improper factor, or errs in its consideration of sentencing factors. *Id.* at 1189. We vacate a sentence as substantively unreasonable only when left with a "definite and firm conviction" that the district court made a clear error of judgment. *Id.* at 1190. The party challenging the sentence has the burden to demonstrate that the sentence is unreasonable. *Id.* at 1191 n.16.

A sentencing court must "impose a sentence sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter crime, and protect the public. 18 U.S.C. § 3553(a). The court must also consider "the nature and circumstances of the offense" and the defendant's individual history and characteristics. *Id.* A Guidelines-range sentence is expected—but not automatically

presumed—to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The weight committed to each § 3553(a) factor is committed to the district court's sound discretion. *United States v. Johnson*, 803 F.3d 610, 618 (11th Cir. 2015).

Here, the district court did not abuse its discretion because it imposed a substantively reasonable sentence. *See Irey*, 612 F.3d at 1188–89. The district court considered Museau's history of violent crime, a lack of deterrence from sentences for prior convictions, and the need to protect society. *See* 18 U.S.C. § 3553(a). It also stated explicitly that it had considered the § 3553(a) factors. The court had discretion to significantly weigh Museau's history and the need to protect the public from crime. *See Johnson*, 803 F.3d at 618. Museau has not, therefore, demonstrated that the district court made a clear error of judgment or weighed an improper factor. *See Irey*, 612 F.3d at 1190–91 & n.16.

**AFFIRMED**